HOMEOWNERS, EMERGENCY LIFE
PROTECTION COMMITTEE,
etc., Plaintiffs,

v.

James T. LYNN et al., Defendants.

Civ. No. 74–2917–AAH.

United States District Court,
C. D. California.

June 20, 1977.

Frederic P. Sutherland, Brent N. Rush-forth, Carlyle W. Hall, Jr., A. Thomas Hunt and John R. Phillips, Center for Law in the Public Interest, and Durwood J. Zaelke, Jr., Corbin Crews Harwood, Los Angeles, Cal., for plaintiffs.

William D. Keller, U.S. Atty., by Huston T. Carlyle, Jr., Asst. U.S. Atty., Los Angeles, Cal., for Federal defendants.

Burt Pines, City Atty., Edward C. Farrell, Chief Asst. City Atty. for Water and Power, Los Angeles, Cal., Kenneth W. Downey, Asst. City Atty., Los Angeles, Cal., for City defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

### PRELIMINARY

A consolidated hearing on plaintiff's Motion for Preliminary and Permanent Injunction was heard on October 29 and 30, 1974, the Court reviewed and considered the proper evidence introduced and on file, and heard and considered arguments of the parties at the hearing and reached its decision and filed findings of fact and conclusions of law and judgment in favor of the Federal defendants and the City defendants. 388 F.Supp. 971 (C.D.Cal. 1974). Thereafter, plaintiff pursued an appeal to the United States Court of Appeals for the Ninth Circuit (hereafter Court of Appeals). On August 12, 1976, that Court issued an opinion and ordered the judgment heretofore entered vacated and the cause remanded for proceedings not inconsistent with its opinion. 541 F.2d 814 (9th Cir. 1976). Thereafter, proceedings were had to resolve the issues posed in the opinion of August 12, 1976 by the Court of Appeals. These issues were:

(1) Should the further construction of Los Angeles Dam and Reservoir be en-

joined pending a determination of the adequacy of the Federal Environmental Impact Statement (EIS); and

(2) Whether the EIS itself is adequate.

Some of the findings of fact and conclusions of law as set forth below are founded upon the proceedings prior to the appeal and are undisturbed by the opinion and remand of the Court of Appeals. Some of the findings of fact and conclusions of law set forth below are founded upon events and proceedings subsequent to the remand by the opinion of August 12, 1976. The cause having been argued and submitted, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. This is an action for declaratory relief and injunction prohibiting both City and Federal defendants from taking any action which would affect the decision of the Federal and City agencies to approve construction of the proposed Los Angeles Dam and Reservoir and from further soliciting or awarding any contracts in connection with the Los Angeles Dam and Reservoir until the National Environmental Policy Act of 1969 (hereafter NEPA) has been complied with.

2. On February 9, 1971, an earthquake centered approximately two miles east of the Van Norman Dam and Reservoir occurred and as a result thereof, said Dam and Reservoir were severely damaged. Said dam and reservoir are located in the City of Los Angeles and are important facilities of the Water System for the City of Los Angeles and its Department of Water and Power.

3. The Board of Water and Power Commissioners of the City of Los Angeles determined that the Van Norman Dam is to be replaced by a new dam called the Los Angeles Dam and Reservoir. The replacement dam is on the same watershed and performs the same functions as the old dam. These functions include a regulating reservoir, a receiving reservoir for the First and Second Los Angeles Aqueducts bringing water to the City of Los Angeles from distant places, and an emergency storage facility that stores water in the City to provide water in the event of an emergency.

4. The construction of the Los Angeles Dam and Reservoir has the effect of restoring the facilities substantially as they existed prior to the disaster.

5. The construction of the Los Angeles Dam and Reservoir will essentially restore the reservoir function and other conditions that have existed on the site for 60 years.

6. On June 29, 1973, the Chief Financial Officer of the Department of Water and Power for the City of Los Angeles requested that the State Office of Emergency Services file an amended application with the Federal Disaster Assistance Administration (hereafter FDAA) seeking Federal funds under the Federal Disaster Relief Act of 1970 (42 U.S.C. § 4482) to reconstruct the damaged Van Norman Dam and Reservoir.

7. In 1974, the Department of Housing and Urban Development determined that the granting of any Federal funds for the above-stated project would constitute a major Federal action and thus directed Thomas P. Dunne, of the F.D.A.A., in Washington, D. C., to prepare a Federal Environmental Impact Statement on the above-stated project.

8. On August 5, 1974, the F.D.A.A., Region 9, informed *Robert V. Phillips*, General Manager and Chief Engineer of the Department of Water and Power, that Federal action involving compliance with N.E.P.A. was in progress and that the final Environmental Impact Statement would not be completed and published until at least June 15, 1975, at which time a 30-day period for review by the Council on Environmental Quality (CEQ) would follow, and therefore any F.D.A.A. decision on Federal funding of the above-stated project would probably not be rendered until at least July 15, 1975.

9. On October 10, 1974, a construction contract in the amount of approximately $30,590,000 was awarded by the Board of Water and Power Commissioners of the City of Los Angeles to the Granite Con-

struction Company of Watsonville, California, who is not a party to this action.

10. The Department of Water and Power was obligated on its contract to Granite Construction and the Board of Water and Power Commissioners determined that it would proceed with the construction of Los Angeles Dam and Reservoir regardless of whether Federal funding is available.

11. The only Federal action in the above-stated project concerns its processing of the defendant City's request for Federal funds and no Federal decision concerning the allocation, disbursement, or commitment of said Federal funds would be determined until the completion of the E.I.S.

12. The Department of Water and Power of the City of Los Angeles has complied with the California Environmental Quality Act (California Public Resources Code Sections 21000 et seq.) and pursuant to that Act has filed a comprehensive environmental impact report and plaintiff did not challenge that report nor the Los Angeles Dam and Reservoir Project in the State courts.

13. The Department of Water and Power has received a permit to construct the Los Angeles Dam and Reservoir from the State Department of Water Resources, Division of Safety of Dams, the California agency designated by law to administer safety of dams in the State.

14. The Court found and determined and entered judgment denying the petition for preliminary injunction and permanent injunction on the letting of the contract for the construction of Los Angeles Dam and Reservoir and for the continued construction of Los Angeles Dam and Reservoir on the grounds that there was no Federal "partnership" with the City of Los Angeles, nor sufficient Federal involvement in Los Angeles Dam and Reservoir Project to require a Federal Environmental Impact Statement prior to the commencement of the construction of the dam. A Federal E.I.S. was required prior to the decision by the Federal Disaster Assistance Administration (F.D.A.A.) to fund the project. The F.D.A.A. had taken the position there would be no funding of the project prior to the completion of the E.I.S. As of the moment of the hearing on the preliminary and permanent injunction, the project was a City project of the City of Los Angeles and not a Federal one. The decision was also based upon the Disaster Relief Act of 1974 (Public Law 93–288) § 405 that applied to the project and eliminated any requirement of compliance with the National Environmental Policy Act (NEPA) by the Federal defendants on the project.

15. After the hearing on the preliminary and permanent injunction, plaintiff sought an injunction pending appeal from the United States District Court which, on or about November 25, 1974 denied said motion. Thereafter, plaintiff applied to the United States Court of Appeals for the Ninth Circuit for an injunction pending appeal and on or about December 6, 1974, that Court denied the motion. Thereafter, plaintiff applied to the Supreme Court of the United States for an injunction pending appeal and on or about January 30, 1975, that Court denied the motion.

16. On or about December 30, 1974, judgment was entered in the United States District Court, Central District of California, denying preliminary and permanent injunction and, on or about February 27, 1975, plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit from the judgment previously entered. See "PRELIMINARY", *supra*.

17. The Federal E.I.S. on the Los Angeles Dam and Reservoir project was completed in December of 1975 and filed with the Court of Appeals and received into the record of the case on March 18, 1976.

18. On May 18, 1976, the F.D.A.A. granted to the City $33.2 million for the total project of which $25 million was advanced for work already completed. On or about May 28, 1976, the Department of Water and Power invested the $25 million advanced by the F.D.A.A. by means of an irrevocable agreement to purchase Government securities from the Citibank, New York.

On June 2, 1976, the City defendants received the order of the Court of Appeals of May 26, 1976 enjoining further action relating to the funding of Los Angeles Dam and Reservoir project pending a final decision on the appeal.

19. The Court of Appeals, on August 12, 1976, filed its opinion on the appeal in the instant case. 541 F.2d 814 (9th Cir. 1976). On the two major issues, the Court held that since the hearing on the preliminary and permanent injunction, the F.D.A.A. had, in fact, granted Federal funds for the project and had moved the project to a Federal-City partnership and made it a major Federal action requiring compliance with N.E.P.A. In addition, § 405 of the 1974 Disaster Relief Act (42 U.S.C., § 5175) did not act to exempt the Los Angeles Dam and Reservoir project from compliance with the requirements of N.E.P.A. The Court of Appeals remanded the case to the District Court for the determination of two questions. *One*, should the further construction of Los Angeles Dam and Reservoir be enjoined pending the determination of the adequacy of the E.I.S., and *two* whether the E.I.S. was adequate.

20. Pursuant to the order of the Court of Appeals and upon notice by this Court, a hearing was had on October 4, 1976 for the purpose of filing and spreading the order and mandate of the Court of Appeals and to determine whether an injunction should issue enjoining further construction of Los Angeles Dam and Reservoir pending a determination of the adequacy of the E.I.S. At the hearing, MR. DURWOOD J. ZAELKE, who is the attorney who has handled the litigation for plaintiff from the inception, did not appear. Appearing for Mr. Zaelke, and not joined as a counsel of record, was MR. WILL R. SMITH, Attorney. Mr. Smith agreed and stipulated that injunction against further construction of Los Angeles Dam and Reservoir was not appropriate at the time and that plaintiff would not seek that remedy. Accordingly, the Court denied any order enjoining further construction of Los Angeles Dam and Reservoir and set the pre-trial on the issue

of the adequacy of the E.I.S. for March 7, 1977 and the trial on the issue at April 25, 1977. An appropriate notice of that fact was served on all parties.

21. On or about January 28, 1977, the City defendants' Interrogatories were filed and served on Mr. Zaelke, counsel for the plaintiff, and said Interrogatories have never been answered. There was no stipulation extending any time in which to respond to the Interrogatories, nor was any motion filed with this Court seeking extension of time in which to answer.

22. The pre-trial conference on this matter was calendared for March 7, 1977, and all parties had due notification of that fact. Counsel for the plaintiff did not appear. No one purporting to appear for the plaintiff was in court. No telephone calls or letters have been received from counsel for the plaintiff or anyone else purporting to explain counsel's failure to appear at the pre-trial conference.

23. At no time prior to March 7, 1977, the date of the pre-trial hearing, or thereafter, did counsel for plaintiff file with the Court or with counsel for the defendants any pre-trial statement required under Local Rule 9, United States District Court, Central District of California. At no time did counsel for plaintiff engage in procedures or discussions with counsel for the defendants relating to pre-trial preparation as required under Local Rule 9.

24. Upon the failure of counsel for the plaintiff to appear at the pre-trial hearing on March 7, 1977, the Court continued the pre-trial hearing to April 4, 1977 on its own motion. All counsel were notified of the continued date of the pre-trial. On March 18, 1977, a Joint Motion to Dismiss was filed by the Federal defendants and the City defendants on the grounds that plaintiff had failed to prosecute the action, had failed to make discovery, and had failed to participate in pre-trial preparation as required under Local Rule 9. Such motion was to be heard on April 4, 1977. At no time, either prior to April 4, 1977, or subsequent to that date, has counsel for the

**1338**

plaintiff filed any memorandum of points and authorities, or affidavit explaining in any way, plaintiff's failure to prosecute, failure to appear at the pre-trial hearing, its failure to make discovery, or its failure to participate in pre-trial proceedings as required under Local Rule 9. Mr. Durwood Zaelke, counsel for plaintiff, did not appear at the pre-trial conference and hearing on the motion to dismiss held on April 4, 1977. Appearing for plaintiff was attorney Anne B. Roberts from the Center for Law in the Public Interest who filed no memorandum of points and authorities or affidavits or declarations explaining the failure to prosecute, the failure to make discovery, and the failure to participate in pre-trial preparation as required under Local Rule 9.

25. The plaintiff intentionally failed to prosecute the cause, failed to make discovery, and failed to participate in pre-trial preparation as required under Local Rule 9.

26. The Court has read, reviewed and considered the E.I.S. prepared on this project. Measuring the E.I.S. by the "rule of reason", the Court finds the E.I.S. meets the requirements of N.E.P.A. (42 U.S.C. §§ 4331–4332). With particular reference to the alternatives to the proposed project, it is found that the alternatives set forth are sufficient to permit a reasoned choice of alternatives to the proposed project. The E.I.S. is found to be adequate.

27. The construction of the Los Angeles Dam was completed and on May 5, 1977, a permit to fill and operate the reservoir was issued by the California Department of Water Resources Division of Safety of Dams, the agency in the State of California charged with the responsibility for dam safety throughout the State.

28. To the extent these Findings of Fact also contain Conclusions of Law, they shall be deemed incorporated within the Conclusions of Law.

From the foregoing Findings of Fact, the Court now makes the following:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331(a) and 28 U.S.C. § 2201.

2. Plaintiff failed to prosecute the action, failed to make discovery, and failed to participate in pre-trial preparation as required under Rule 9 of the Rules for the United States District Court, Central District of California, and therefore, under Rule 41(b) of the Federal Rules of Civil Procedure, the plaintiff's Complaint and all subsequent actions or relief sought by plaintiff pertaining thereto are hereby dismissed on the grounds stated herein separately and collectively considered.

3. The Environmental Impact Statement on the Los Angeles Dam and Reservoir project measured by the Rule of Reason as propounded in *Trout Unlimited v. Morton*, 509 F.2d 1276 (9th Cir. 1974) and *Life of the Land v. Brinegar*, 485 F.2d 460 (9th Cir. 1973), is adequate. In particular, the Environmental Impact Statement discusses alternatives whose implementation is not remote and speculative and are sufficient to permit a reasoned choice on the project. Such discussion of alternatives is reasonable.

4. Plaintiff has stipulated that it is not entitled and it does not seek any injunction on the continued construction of Los Angeles Dam and Reservoir Project.

5. To the extent these Conclusions of Law also contain Findings of Fact, they shall be deemed incorporated within the Findings of Fact.

6. The Judgment pursuant to the above Findings of Fact and Conclusions of Law shall be entered accordingly.